Dear Mr. Kyzar:
This office is in receipt of your opinion request in which you ask whether the Natchitoches Parish Police Jury may override the vote of the Natchitoches Parish Library and its governing Board of Control to proceed with the process to let competitive bids for the acquisition of a bookmobile by refusing to pay for or fund the purchase.
La. Atty. Gen. Op. No. 83-765 summarizes the laws relating to parishes, public libraries, library boards of control and their functions and powers.
 A parish is a political subdivision of the State authorized to perform governmental functions. La. Const. Art. 6, § 44(2). Except as otherwise provided under a home rule charter, the governing authority that exercises the legislative functions of a parish is the police jury. The governing authority (police jury) has such powers as are authorized by the Constitution or by law. La. Const. Art. 6, § 7. The majority of the powers conferred on a police jury are found in R.S. 33:1236. Additional powers are granted in various titles of the revised statutes . . . The creation of local libraries by parishes is found in R.S. 25:211 to 223, inclusive. R.S. 25:211
grants power to a parish or municipal corporation to "create, establish, equip, maintain, operate and support a public library in such parish or municipality". The public library for a parish is created by the adoption of an ordinance regularly passed and adopted by the police jury of the parish. R.S. 25:212. The governing authority of a local governmental subdivision [parish or municipality] has general power over any agency created by it. La. Const. Art. 6, § 15 . . . [A parish library board of control] is an agency of the parish, created by the governing authority of the parish pursuant to authority granted by the legislature for the purpose of operating and administering the parish library system on behalf of the police jury . . . In fact, the board's powers are limited solely to the adoption of rules and regulations for its own government and that of the library, and also the election and employment of certain personnel as specifically set forth in R.S. 25:215(A). "Rules and regulations relating to its own government and that of the library" indicate such rules and regulations necessary for the conduct of board meetings, establishment of library hours, circulation and lending policies, acquisition of new books, fines for overdue books, educational programs, and such other internal matters usually associated with the operation of a library, and which can best be handled by the board as an instrument of and on behalf of the police jury.
Additionally, as part of the general power of a governing authority of a local governmental subdivision, the Police Jury has general budgetary and fiscal control over the agencies created by it.
 Budgetary and fiscal control shall include, but not be limited to, approval of operating budgets with the right to veto or reduce line-items. In addition, no such agency or entity shall exercise any power or authority to submit to the people any proposal to levy any tax or issue any bonds unless the proposal therefore first has been submitted to and been approved by the governing authority of the parish or municipality. The parish or municipality shall exercise such other budgetary and fiscal controls as are necessary and proper to ensure the maximum feasible coordination of government on the local level. La. R.S. 33:1415(B).
As stated within your request, the Natchitoches Parish Library and its governing Board of Control were established by the Natchitoches Parish Police Jury on the authority of La. R.S.25:211. Therefore, the Natchitoches Parish Library and its governing Board of Control are agencies of the parish and subject to the general power of the Natchitoches Parish Police Jury. It should also be noted, as an agency of the parish, established by and under the weight of the Police Jury, the Board of Control has no powers independent of those set by statute. The Board of Control is not granted such other powers usually associated with political subdivisions including, by way of illustration, the power to sue and be sued, the power to incur debt and issue bonds, the power to contract, the power to levy taxes, or the power to adopt ordinances. Atty. Gen. Op. No. 83-766.
Further, attorney general opinions dating back to 1948 have held that the Police Jury acting for the Board of Control of the parish library should advertise for bids for the purchase of a bookmobile. The purchase of a bookmobile should be accepted or rejected by the Parish Police Jury on approval or disapproval of Board of Control of the Parish Library, and the Police Jury should make the purchase of the bookmobile if it should be decided that the purchase should be made. Atty. Gen. Op. 1956-58, p. 632.
Moreover, it was the opinion of this office in La. Atty. Gen. Opinion No. 99-413 that the Vermilion Parish Library Board of Control could not purchase property for a new library independently of the Police Jury, and the Police Jury was the appropriate entity to purchase said property.
Finally, because the Natchitoches Parish Library and its governing Board of Control are agencies of Natchitoches Parish, the Natchitoches Parish Police Jury has the general power over the Board of Control. Under La. Const. Art. 6, § 15 and La. R.S.33:1415(B), it appears that the Natchitoches Parish Police Jury, by overriding the Board of Control, falls within its authority to exercise budgetary and fiscal controls over the agency which it created.
Therefore, it is the opinion of this office that the Police Jury can override the vote of the Board of Control to proceed with the process to let bids for the acquisition of a bookmobile because the power of making the actual purchase lies in the hands of the governing authority, the Police Jury.
We hope this opinion answers your inquiry. Should you have any other questions, please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL